### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ERVIN LEE MCCOY, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO.  CR-79-0022-001-HE |
| | ) | NO.  CIV-12-1355-HE |
| THE UNITED STATES PAROLE | ) | |
| COMMISSION, | ) | |
| | ) | |
| Respondent. | ) | |

### ORDER

Petitioner Ervin Lee McCoy, a federal parolee and state prisoner appearing *pro se*, filed this habeas action claiming he has been denied due process.  Although petitioner cites 28 U.S.C. § 2255 as the statutory basis for his petition, he actually seeks relief under § 28 U.S.C. § 2241 because he is challenging the execution of his sentence rather than the fact of his conviction.  Petitioner, who currently is serving a 15 year sentence in state prison for second-degree murder, asks the court to remove a federal detainer lodged against him, arguing that he was never given a revocation hearing and has already served his federal sentences.[1]  The detainer, dated May 11, 2011, is based on a federal parole violator warrant the United States Parole Commission ("Commission")  issued  on June 13, 2007, to revoke petitioner's parole because of state criminal charges.  Petitioner claims the detainer is affecting his eligibility for certain state prison benefits, including minimum security or trusty status/placement.

---

[1]*The government has outlined defendant's criminal history in its response brief.  The court will not repeat it here.*

Petitioner has failed to demonstrate that he is entitled to habeas relief. "[T]here is no constitutional duty to provide prisoners an adversary parole hearing until they are taken into custody as parole violators." United States v. Romero, 511 F.3d 1281, 1284 (10th Cir. 2008). Also, "[a]ny 'collateral adverse consequences' of the government's decision to lodge a detainer while [petitioner] remain[s] in state custody [does] not trigger due process protections." United States v. Sussman, 444 F. Appx. 302, 304 (10th Cir. 2011). *See* Romero, 511 F.3d at 1285 ("Even assuming there are some collateral adverse consequences, we have rejected the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right.'") (quoting Moody v. Daggett, 429 U.S. 78, 88, n. 9 (1976)).

The government concedes, though, that petitioner was entitled to a review by the Commission within 180 days after the Commission was notified of the placement of the detainer. *See* 18 U.S.C. § 4214(b)(1).[2]  Because that review is currently in process, the government asserts the issue is moot.

As the Seventh Circuit recently noted, § 4214(b)(1), which provides for the Commission's review of a detainer, does not provide a "remedy for delayed action by the

---

[2]*Section 4214(b)(1) provides in part:*
> *Such detainer shall be reviewed by the Commission within one hundred and eighty days of notification to the Commission of placement. The parolee shall receive notice of the pending review, have an opportunity to submit a written application containing information relative to the disposition of the detainer, and, unless waived, shall have counsel ... to assist him in the preparation of such application.*

Commission." Matamoros v. Grams, 706 F.3d 783, 793 (7th Cir. 2013). The appellate court concluded that it did "not view a delayed dispositional review as a constitutional violation in and of itself (even if the delay is three years, as in this case)." Rather, the defendant had to "show that he was somehow prejudiced by the delay." *Id*. The issue was not "how the detainer *currently* affects" the defendant, but "how the *delayed review* affected him." *Id.*

The record here, like that before the court in Matamoros, does not demonstrate "prejudice resulting from the delay that would justify invalidation of the warrant and detainer." *Id.* There also are no allegations of bad faith on the Commission's part, which might warrant habeas relief. *See* Heath v. U.S. Parole Comm'n, 788 F.2d 85, (2nd Cir. 1986). Even though the dispositional review was untimely, in the absence of "prejudice or bad faith on the Commission's part, the appropriate remedy is not a writ of habeas corpus, but a writ of mandamus to compel compliance with the statute." Heath v. U.S. Parole Comm'n, 788 F.2d 85, 89 (2d Cir. 1986). As the Commission is currently conducting the required review, plaintiff is not entitled to habeas relief due to the delay in its commencement.

The final issue raised by defendant's motion is that his sentence has expired. As the Commission properly denied defendant credit for street-time or time spent on parole, defendant's sentence expires on April 30, 2016, not February 27, 2013.[3] *See* DeCuir v. U.S.

---

[3] *To the extent petitioner is relying on "statutory/Industrial good time" credits to establish that his sentence has been discharged, he offers no evidence of those credits for the court to consider.*

3

Parole Comm'n, 800 F.2d 1021, 1023 (10th Cir. 1986) ("The Commission must order forfeiture of street time whenever a parolee is convicted of a new offense punishable by a term of imprisonment."); *see* 28 C.F.R. § 2.52(c)(2).

Accordingly, petitioner is not entitled to habeas relief and his § 2241 motion is **DENIED**.

**IT IS SO ORDERED**.

Dated this 24th day of April, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE