# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ERVIN LEE MCCOY, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO. CR-79-0022-001-HE |
| | ) | NO. CIV-12-1355-HE |
| THE UNITED STATES PAROLE | ) | |
| COMMISSION, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner Ervin Lee McCoy, a federal parolee and state prisoner appearing *pro se*, previously filed a habeas action claiming he had been denied due process. Petitioner, who is currently serving a sentence in state prison, asked the court to remove a federal detainer lodged against him, arguing that he was never given a parole revocation hearing. Petitioner claimed the detainer was affecting his eligibility for certain state prison benefits.

By order and judgment entered on April 24, 2013, the court denied petitioner habeas relief. [Doc. Nos. 10, 11]. Until he is taken into federal custody, petitioner is not entitled to a revocation hearing. *See* 18 U.S.C. § 4214(b)(1), (c); 28 C.F.R. §2.47; United States v. Romero, 511 F.3d 1281, 1284 (10th Cir. 2008) ( "[T]here is no constitutional duty to provide prisoners an adversary parole hearing until they are taken into custody as parole violators."). And, "[a]ny 'collateral adverse consequences' of the government's decision to lodge a detainer while [petitioner] remain[s] in state custody [does] not trigger due process protections." United States v. Sussman, 444 F. Appx. 302, 304 (10th Cir. 2011).

Petitioner was, however, entitled to have the Commission review the detainer within

180 days after the Commission was notified of its placement. *See* 18 U.S.C. § 4214(b)(1). The government conceded in its response to the habeas petition that the review had not occurred, but asserted that the issue was moot because the review was currently in process. Three years later, petitioner advised the court that the review still had not occurred. *See* Doc. #14. The court directed the Commission to respond and it has submitted a brief stating that it has conducted the required review. The Commission attached a copy of its Notice of Action, dated May 12, 2016, to its brief. In the Notice of Action the Commission announced its decision to "Let the Detainer Stand." Doc. #13-7.

Petitioner has now received the review of his detainer to which he is entitled under 18 U.S.C. §4214(b)(1). The court cannot compel the Commission to hold the parole revocation hearing at this time even though, because of the detainer, petitioner may be prejudiced because he cannot participate in Department of Corrections' programs. The same argument has been considered and rejected by both the Supreme Court and the Tenth Circuit. *See* Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Romero, 511 F.3d at 1284-85.

**IT IS SO ORDERED**.

Dated this 25th day of May, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE